IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL NIKITAS,

    Plaintiff,

v.

Case Number:

AETNA LIFE INSURANCE COMPANY,

    Defendant.

_____/

## COMPLAINT

Plaintiff, MICHAEL NIKITAS, hereby sues the Defendant, AETNA LIFE INSURANCE COMPANY (hereinafter referred to as "Aetna"), and states as follows:

1. This Court has jurisdiction over this matter pursuant to the Employee Retirement Income Security Act of 1974 as amended ("ERISA") §502, 29 U.S.C. §1132.

2. Venue in the United States District Court for the Middle District of Florida is proper pursuant to 29 U.S.C. §1132(e)(2), as the breach of the employee welfare benefit plan took place in this District.

3. This is an action under ERISA for recovery of benefits due under the terms of an ERISA Plan, for enforcement of Plaintiff's rights under the employee benefit Plan, and/or to clarify Plaintiff's right to future benefits under the terms of the ERISA Plan ("The Plan"), all pursuant to 29 U.S.C. §1132.

4. Defendant Aetna is an insurance company licensed to transact business

1

in Florida, which is or was at all times material hereto engaged in business in the Middle District of Florida.

5. Plaintiff Nikitas was at all times material hereto an employee of Capital One Financial Corporation, was a participant as defined by 29 U.S.C. §1002(7) in the ERISA Plan at issue, and is and/or was a participant in each of the plans, funds, programs, or arrangements described herein.

6. At all times material hereto, Plaintiff Nikitas was a participant in The Plan, a copy of The Plan and/or the The Plan's Summary Plan Description is attached hereto as Exhibit "A".

7. The Plan is subject to the provisions of ERISA.

8. Aetna is a claims fiduciary under the Plan and is the fiduciary charged with making benefit determinations under the Plan, including the determinations made in Plaintiff's claim.

9. At all times material hereto Aetna was the administrator for Plaintiff's claim as a Capital One employee, and Aetna operated as an administrator under a conflict of interest as it has financial incentive to deny claims.

10. Plaintiff suffered from disabling medical conditions and was disabled under the Plan as of September 29, 2015. Defendant initially accepted Plaintiff as disabled but denied Plaintiff's claim for continuing long term disability (LTD) benefits as of April 22, 2016. As of April 22, 2016 Plaintiff met the Plan definitions for continuing LTD benefits and Plaintiff continues to meet the Plan definitions for

disability. Plaintiff is entitled to continuing disability benefits payable from April 22, 2016 and continuing as provided under the terms of the Plan.

11. Defendant has failed and refused to pay the Plaintiff benefits since April 22, 2016.

12. Plaintiff Nikitas has filed or caused to be filed proofs of claim and performed all other conditions precedent to recovering such benefits under the Plan for the losses claimed herein. Plaintiff has also exhausted all administrative remedies in accordance with The Plan prior to the filing of this action, and despite his appeals Defendant failed to provide a Plaintiff a full and fair review of his claim.

13. Plaintiff is entitled to the Plan benefits identified herein because the benefits are permitted under the Plan, Plaintiff satisfied all conditions to be eligible to receive the benefits, and Plaintiff has not waived or otherwise relinquished entitlement to the benefits.

14. Each monthly benefit payment owed since April 22, 2016 is a liquidated sum, and became liquidated on the date the payment was due and payable. Plaintiff seeks pre-judgment interest on each sum payment.

15. Plaintiff has been required to retained the services of the undersigned counsel, has agreed to a reasonable fee as compensation to him for services, and is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff Nikitas respectfully requests that this Court enter

judgement against the Defendant finding:

(A) Plaintiff is entitled to an award of disability benefits not paid to Plaintiff from April 22, 2016 and continuing as provided by the Plan;

(B) Plaintiff is entitled to the benefits listed in paragraph A above, together with pre-judgment interest at the legal rate on the lump sum payment from the date it became due until the date it is paid;

(C) Plaintiff is entitled to an award of reasonable attorney's fees and costs in connection with this action; and

(D) Plaintiff is entitled to such other relief as this Court may deem just and proper, including; remanding Plaintiff's claim to the Plan Administrator for further action to the benefits sought herein; and ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were due to Plaintiff for the purpose of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under The Plan.

Dated this 14th day of July, 2017.

Steven E. Hovsepian, Esquire
Florida Bar No.: 091359
Attorney for Plaintiff
BARBAS, NUNEZ, SANDERS
 BUTLER & HOVSEPIAN
1802 W. Cleveland Street
Tampa, Florida 33606
Telephone: (813) 254-6575
Facsimile: (813) 254-4690
shovsepian@barbaslaw.com